PROB 12B
(NYEP-11/25/02)

TANYA M. PARRIS Sr. USPO

# United States District Court

## for the

## Eastern District of New York

Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: **Paul Rivera**        Case Number **02-CR-250**

Name of Sentencing Judicial Officer: **The Honorable Frederic Block, Senior U.S. District Court Judge. On August 2, 2006, this case was re-assigned to the Honorable Carol Bagley Amon, U.S. District Court Judge**

Date of Original Sentence: **December 22, 2003**

Original Offense: **Conspiracy to Commit Extortion, 18 U.S.C. § 1951, A Class C felony**

Original Sentence: **Twelve months custody to run concurrently to the undischarged term of twenty-four months in CR-96-423(JG) and CR-96-1008(JG) imposed by the Honorable J. Gleeson on November 18, 2002, to violating the conditions of supervised release; three years supervised release with the following special conditions: the defendant shall not possess any kind of firearm, and the defendant shall participate in a drug treatment program as directed by the probation department, whether it is residential or outpatient. The defendant shall contribute to the cost of services rendered or medications prescribed via co-payments or full payment based upon the defendant's ability to pay and or third party payments. The defendant was also ordered to pay a special assessment fee of $100.**

Modification: **On February 14, 2006, the conditions of supervised release were modified with consent of the offender, and the offender was ordered to serve 90 days community confinement for use of illicit drugs and failure to report his change in residence.**

Type of Supervision: **Supervised Release**      Date Supervision Commenced: **November 26, 2004**

================================================================================

## PETITIONING THE COURT

☐     To extend the term of supervision for years, for a total term of years.

☒     To modify the conditions of supervision as follows:

      For a period of **90** days, the defendant shall reside in a community confinement center (CCC) approved by the Probation Department. While in the CCC, the defendant shall adhere to all rules and conditions established by the CCC, including the payment of sustenance costs.

Request for Modifying the
Conditions or Terms of Supervision
with Consent of the Offender

## CAUSE

The purpose of this correspondence is to address the offender's illicit drug use and unsuccessful discharge from the Brooklyn Residential Re-entry Center.

On March 16, 2006, the offender entered the Brooklyn Residential Re-entry Center to begin serving his ninety day community confinement term. On or about April 19, 2006, the offender returned to the facility with a drug test kit he had stolen from the outpatient drug treatment program, Tri-Center, Inc.. On April 20, 2006, the undersigned probation officer and the Brooklyn Residential Re-entry Center program director, Mr. Akroyd Blake, addressed this behavior with the offender. The offender was allowed to remain at the program, but internal sanctions were imposed to address the offender's actions.

On May 22, 2006, the offender submitted a urine specimen to Tri-Center, Inc. which confirmed positive for cocaine. Additionally, on June 6, 2006, the offender submitted a urine specimen to the Brooklyn Residential Re-entry Center which confirmed positive for cocaine, marijuana, codeine, and morphine.

Upon a finding the offender illegally used a controlled substance during supervision, the Court must revoke the term of supervised release and impose a term of incarceration not exceeding that noted in 18 U.S.C. § 3583(e)(3); U.S. v. Wirth, 250 F.3d 165 (2d Cir. 2001). The Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants reprieve form mandatory revocation. 18 U.S.C. § 3583(d).

On June 9, 2006, the offender was unsuccessfully discharged from the Brooklyn Residential Re-entry Center. He was referred to Daytop Village long term residential drug treatment, and entered that program on June 9, 2006. Upon completion of long term treatment, the offender will return to Tri-Center, Inc. for outpatient drug treatment.

We recommend that once the offender completes residential treatment, that he return to the Brooklyn Residential Re-entry Center for 90 days as a sanction for being unsuccessfully discharged from the facility. We believe this will serve as an intermediate sanction for violating the conditions of his release. Also, the residential re-entry center has zero tolerance policy regarding drug and alcohol use which will in effect provide ongoing monitoring of the offender's abstinence from all mood altering substances.

The offender voluntarily signed the attached Probation Form 49, Waiver of Hearing to Modify the Conditions.

Approved by,

_Aviswang for_
Eileen Kelly
Senior Deputy Chief U.S. Probation Officer
Date: **8/7/06**

THE COURT ORDERS:
- ☐ No Action
- ☐ The Extension of Supervision as Noted Above
- ☒ The Modification of Conditions as Noted Above
- ☐ Other

_____
Signature of Judicial Officer

__8/8/06__
Date